1

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHELLE AND JOHN MEDLEY, CHRISTINA BENSON, KRISTIN COX et al., individually and on behalf of all others similarly situated, : : : : : : : : : : | Hon. Dennis M. Cavanaugh  OPINION  Civil No. 10-cv-02291 (DMC)(JAD) |
| Plaintiffs, |  |
| v. |  |
| JOHNSON & JOHNSON CONSUMER COMPANIES, INC. |  |
| Defendants |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Johnson & Johnson Consumer Companies, Inc. ("Defendant") to dismiss the Plaintiff's Consolidated Amended Class Action Complaint ("CACAC") pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Pursuant to Fed. R. Civ. Pro 78, no oral argument was heard.  After considering the submissions of the parties, and based upon the following, Defendants motion is **granted**.

I.   BACKGROUND

The ten plaintiffs joined in this Complaint allege that Defendant J & J violated the FDA's ban on methylene chloride as an ingredient in cosmetic products, pursuant to 21 C.F.R. § 700.19. Attorney for Plaintiffs previously brought six virtually identical cases before this Court, four of

which were dismissed on August 2, 2010 for lack of standing pursuant to a motion for reconsideration filed by Defendant Johnson & Johnson.[1] The CACAC allegedly raises new factual and legal issues that distinguish this Complaint from the others that were dismissed by this Court, including allegations that Johnson & Johnson has been investigated by the FDA, and that methyl chloride is an ingredient in its baby shampoo.

## II.   LEGAL STANDARD

As the Supreme Court has long held, "Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Moreover, a "legally and judicially cognizable" injury-in-fact must be "distinct and palpable," not "abstract or conjectural or hypothetical." *Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997); *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (internal quotations omitted) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), and *Los Angeles v. Lyons,* 461 U.S. 95, 101-02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).  As the Third Circuit has held, "while it is difficult to reduce injury-in-fact to a simple formula, economic injury is one of

---

[1] *Vercellono v. Gerber Products Co. et al.*, Case 2:09-cv-02905 DMC-MF, CLOSED 8/2/10; *Crouch v. Johnson and Johnson Consumer Cos., Inc. et al.*, Case 2:09-cv-02905 DMC-MF, CLOSED 8/2/10; *Levinson v. Johnson & Johnson Consumer Cos., Inc. et al.*, Case 2:09-cv-03317 DMC-MF, CLOSED 8/2/10; *Boyd v. Johnson & Johnson Consumer Cos. Inc.*, Case 2:09-cv-03135 DMC-MF; CLOSED 8/2/10.

its paradigmatic forms." See *Danvers Motor Co., Inc. v. Ford Motor Co.* 432 F.3d 286, 291 (C.A.3 (N.J.),2005).

"There is a fundamental difference of review under Fed. R. Civ. P. 12(b)(1), where the existence of disputed facts will not preclude the Court from evaluating the merits of the jurisdictional claim, and Fed. R. Civ. P. 12(b)(6) where the Court is required to accept as true all the allegations of the complaint and all inferences arising from them." *Anjelino v. New York*, 200 F. 3d 73, 87 (Dd Cir., 1999). "[T]he threshold to withstand a motion to dismiss under [Rule] 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Kehr Packages, Inc. V. Fidelcor, Inc.*, 926 F. 2d 1406, 1409 (3d Cir., 1991).

### III.   DISCUSSION

The Court accepts Plaintiff's contention that economic injury is sufficient to confer Article III standing such that the Court has subject matter jurisdiction over this case. The Court notes the language of *Danvers Motor Co., Inc. v. Ford Motor Co.* 432 F.3d 286, 293 (C.A.3 (N.J.),2005) in which the Third Circuit held that "monetary harm is a classic form of injury-in-fact," and that "injury-in-fact is not Mount Everest." In spite of that language, however, Plaintiffs cannot clear the threshold requirement for showing economic injury. As the Court understands the CACAC, the economic injury for which Plaintiffs seeks redress is the price Plaintiffs paid for shampoo, which they then apparently used in bathing their children, without adverse health reactions. Whatever injury they claim to have suffered due to their subsequent discovery of methyl chloride in the shampoo could not, therefore, have been economic.[2] Simply put, Plaintiffs

---

[2]It should be noted that Plaintiffs have not alleged economic injury on a theory that they paid a premium price for this brand of shampoo based on Johnson & Johnson's misrepresentation of their product as being safe and non-toxic for children, more so than

bought and used shampoo, and subsequently wished that they had not done so because they feared for the future safety of their children. Their assertion that because the product was tainted, the injury occurred at the moment of purchase, is unavailing. Plaintiff's reasoning in the CACAC is circular and unpersuasive as to the contention that Plaintiffs suffered an injury-in-fact. The CACAC avers that "had Plaintiffs known the true nature of Defendant's baby shampoo, they neither would have purchased it nor allowed their children to be exposed to it." This is undoubtedly correct, but the conclusion that "consequently, Plaintiffs have been economically damaged" simply does not follow. (See ECF Doc. 27, page ID# 483).Presumably, had Plaintiffs known about the alleged toxicity of the shampoo prior to using the product they would either have returned it unopened, or not purchased it in the first place. Once the product had been consumed, however, there was no economic injury for Plaintiffs to complain of, and the fear of future injury is legally insufficient to confer standing. Plaintiffs received the benefit of their bargain so long as there were no adverse health consequences, and the product worked as intended, meaning that the hair of Plaintiff's children was cleansed, and their eyes and skin were not irritated. There is nothing in the CACAC to suggest otherwise. The Court finds that the facts as pled in the CACAC are legally insufficient to demonstrate an injury-in-fact of even the most *de minimis* amount, and that no further restyling of the CACAC could overcome this jurisdictional hurdle. It would be both foolish and impossible to parse and measure the amount of shampoo each Plaintiff used prior to the discovery of taint, and the Court will not entertain such a fractionated analysis. Short of seeking redress for the unused portion of a bottle of shampoo that

---

comparable but less expensive alternatives. See *Desiano v. Warner-Lambert Co.*, 326 F. 3d 339 (2d Cir., 2003).

5

was discarded subsequent to discovery of the alleged contamination, a practical and legal absurdity, there is simply no cognizable economic injury. The Court need not reach the issue on which the previous four cases were dismissed, namely the contention that methyl chloride was not an "ingredient" as that term is understood by the Food and Drug Administration, although the Court notes that Plaintiff's syllogistic reasoning, that methyl chloride was a "component," and therefore an "ingredient" is neither a factual nor a legal improvement over Plaintiff's previous allegations. To the extent that there is no injury-in-fact, either economic or otherwise, the "per se" adulteration of the product is simply irrelevant to these Plaintiffs, since they have no standing to bring the claim before this Court. Plaintiff should consider this issue to have been fully litigated and thus precluded for future consideration by the Court.

### III.   CONCLUSION

For the reasons contained herein, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **granted** An appropriate order follows this opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        January  18 , 2011
Original:    Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.
             File